Maurice W. McCann,
Acting Judge. The petitioner herein has filed with this court his petition entitled ‘ ‘ A petition for issuance of Writ of Cor am Nobis ” although in the body of his petition he seeks to be resentenced and also criticizes the Parole Board for having caused him to be a “ first felon ” offender.
It might be well to review Mr. Hall’s past legal history in order to better clarify his present situation and interpret the relief that he is now seeking. He was convicted in this court on September 22, 1932 of the crime -of burglary third degree and petit larceny, upon his plea of guilty thereto, and was sentenced *936 to Elmira Reformatory. On the first day of December, 1942, he was convicted in Yates County, upon his plea of guilty, of the crime of carnal abuse, a. violation of section 483-a of the Penal Law, and was sentenced as a second felony offender to Attica State Prison for a term of 5 to 20 years, this is the sentence which he is presently serving*.
The records of this court show that the petitioner made a motion for a writ of error coram nobis to set aside his conviction of burglary third degree and petit larceny. This motion was, on October 17, 1952, denied by Honorable E. Claire Barkmah, the then Schuyler County Judge. Thereafter he petitioned the Yates County Court for a writ of error coram nobis to set aside the 1942 conviction; this writ was denied by the Honorable E. Claire Barkmah, -Schuyler County Judge acting as Yates County Judge, on May 7,1953. From this denial an appeal was taken to the Appellate Division, Fourth Department. That court in a memorandum decision (282 App. Div. 1008) affirmed Judge Barkmaít’s decision.
The petitioner -seems to be under the mistaken impression that the Parole Board and -the Elmira Reformatory are to blame for the 1932 conviction being, to quote Ms words, “A first felon offender”. He further blames the Parole Board for keeping Mm illegally under their jurisdiction for more than the present reformatory imprisonment of five years and cite-s section 288 of the Correction Law. Perhaps the petitioner is unaware that prior to July 1, 1945, section 288 read differently than at the present time. In 1932 the maximum time of imprisonment for Elmira Reformatory was the maximum term provided by law for the crime for wMch the prisoner was convicted.
Although the petitioner has labeled tMs proceeding as “A petition for issuance of a Writ of Coram Nobis ” it cannot be considered as such. The only thing that can be spelled out is that it i-s a petition for resentence of the 1932 conviction for burglary tMrd degree.
The relief offered by coram nobis is available only to correct an error of fact, and is not available to the convicted defendant to correct errors of law. (People v. Sidoti, 1 A D 2d 232.) Inasmuch as there is no error of fact presented here it becomes necessary to deny this petition.
Petition denied. Submit order.